FOR PUBLICATION

```
            IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                   DIVISION OF ST. THOMAS & ST. JOHN


IN RE:                              )
                                    )
INNOVATIVE COMMUNICATION            )    Civil No. 2008-76
CORPORATION,                        )
                                    )    Chapter 11 Case No. 07-30012 (JFK)
                                    )
          Debtor.                   )
_____)
                                    )
IN RE:                              )    Civil No. 2008-76
                                    )
JEFFREY J. PROSSER,                 )    Chapter 7 Case No. 06-30009 (JFK)
                                    )
          Debtor.                   )
_____)
                                    )
STAN SPRINGEL and JAMES P.          )
CARROLL,                            )
                                    )
                                    )
          Plaintiffs,               )    Civil No. 2008-76
                                    )
     v.                             )    Adv. Proc. No. 07-03010
                                    )
                                    )
JEFFREY J. PROSSER, DAWN            )
PROSSER, SYBIL G. PROSSER,          )
JUSTIN PROSSER, MICHELLE            )
LABENNETT, and LYNDON A.            )
PROSSER,                            )
          Defendants.               )
_____)
```

**APPEARANCES:**

**Karin A. Bentz, Esq.**
St. Thomas, U.S.V.I.
   *For Dawn Prosser,*

**Alan E Pedersen, Esq.**
Omaha, NE
   *For Justin Prosser, Sybil G. Prosser, Michelle LaBennett,*
   *and Lyndon A. Prosser,*

*Springel v. Prosser, et al.*
Civil No. 2008-76
Order
Page 2

**Mark W. Eckard, Esq.**
St. Croix, U.S.V.I.
    *For Jeffrey J. Prosser,*

**Andrew Kamensky, Esq.**
Miami, FL
    *For Stan Springel,*

**Fred Stevens, Esq.**
St. Thomas, U.S.V.I.
    *For James P. Carroll.*

## ORDER

**GÓMEZ, C.J.**

Before the Court is the motion of Dawn Prosser to withdraw the reference to the United States Bankruptcy Court for the District of the Virgin Islands (the "Bankruptcy Division").

### I. FACTUAL AND PROCEDURAL BACKGROUND

Jeffrey Prosser, Emerging Communications, Inc. ("Emerging") and Innovative Communication Company, LLC ("ICC-LLC") (collectively referred to as the "Debtors") and their related non-debtor subsidiaries[1] provide telephone service, newspaper publishing and cable television services in the U.S. Virgin Islands.[2] Greenlight Capital Qualified, L.P., Greenlight Capital,

---

[1] The non-debtor subsidiaries consist of Innovative Communication Corporation ("ICC") and the Virgin Islands Telephone Corporation ("Vitelco").

[2] The Debtors also provide similar services in St. Maarten, the British Virgin Islands, Guadeloupe, Martinique, and eastern France.

*Springel v. Prosser, et al.*
Civil No. 2008-76
Order
Page 3

L.P., Greenlight Capital Offshore, Ltd. (collectively referred to as "Greenlight") consist of two limited partnerships organized under Delaware law and a corporation organized in the British Virgin Islands.

On February 10, 2006, Greenlight filed involuntary petitions pursuant to Chapter 11 of the United States Bankruptcy Code ("Chapter 11") against the Debtors in the United States Bankruptcy Court for the District of Delaware.

On July 31, 2006, Jeffrey Prosser filed a voluntary petition Chapter 11 petition with the Bankruptcy Division in the Virgin Islands. *See In re: Prosser,* Bankr. No. 06-30009.

Thereafter, the Delaware Court transferred the involuntary Chapter 11 matter against the Debtors to the Bankruptcy Division of this Court. The Bankruptcy Division subsequently converted that matter to a liquidation pursuant to Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 701 *et seq.* ("Chapter 7"). James P. Carroll ("Carroll") was appointed as the Chapter 7 trustee of the bankruptcy estate of Jeffrey Prosser ("the Prosser Estate") and continues to serve in that capacity.[3]

On July 5, 2007, Greenlight filed an involuntary Chapter 11 petition against Innovative. *See In re: Innovative Communication*

---

[3] Carroll was appointed Chapter 7 trustee after John Ellis ("Ellis"), the initial trustee, resigned from that position on October 31, 2007.

*Springel v. Prosser, et al.*
Civil No. 2008-76
Order
Page 4

*Corporation,* Bankr. No. 07-30012. An order for relief in that case was entered on September 21, 2007. On October 4, 2007, Stan Springel ("Springel") was appointed as trustee for the bankruptcy estate of Innovative (the "Innovative Estate," together with the Prosser Estate, the "Estates").

On October 19, 2007, Springel commenced an adversary proceeding (the "Turnover Action") against Dawn Prosser, Jeffrey Prosser, and their children, Justin Prosser, Michael J. Prosser, Sybil G. Prosser, Michelle LaBennett, and Lyndon A. Prosser ("the "Prossers") in the Bankruptcy Division. Springel's verified complaint seeks to: (1) compel the Prossers to assemble and deliver to Springel all personal property in the possession, custody, or control of the Prossers that was acquired with Innovative funds; (2) direct the Prossers to provide an inventory and accounting of that property; (3) compel the Prossers to safeguard and protect the property pending its delivery to Springel; and (4) to disallow any claims of the Prossers against Innovative pending the assembly and delivery of the property. Along with the verified complaint, Springel filed a motion for a temporary restraining order and for preliminary and permanent injunctive relief.

The Bankruptcy Division issued a temporary restraining order on October 30, 2007. That order directed the Prossers, *inter*

*Springel v. Prosser, et al.*
Civil No. 2008-76
Order
Page 5

*alia,* to provide an inventory and accounting of the property, and compelled the Prossers to insure, safeguard, and protect the property pending delivery to Springel. On November 26, 2007, the Bankruptcy Division entered an order extending the temporary restraining order until December 15, 2007.

On December 7, 2007, Springel, joined by Carroll, filed an amended complaint, which requested similar relief, but with respect to both Estates.

After an evidentiary hearing conducted on December 11, 2007, the Bankruptcy Division entered an order granting the preliminary injunction. In that order, the Bankruptcy Division determined that one or more of the Prossers possessed or controlled over $9,000,000 of property acquired with Innovative funds (the "Property"). That preliminary injunction order directed the Prossers to provide the Trustees with a complete and detailed inventory of the Property, to the extent they had not previously done so. It also directed the Prossers to safeguard the Property, and prohibited them from spending, consuming, damaging, disposing of, sequestering, absconding with, secreting, or transferring the Property without written approval from both of the Trustees.

Now, Dawn Prosser moves this Court for withdrawal of the

*Springel v. Prosser, et al.*
Civil No. 2008-76
Order
Page 6

reference pursuant to 28 U.S.C. § 157(d)[4] ("Section 157(d)") and Federal Rule of Bankruptcy Procedure 5011[5] ("Rule 5011").

## II. ANALYSIS

Local Rule of Bankruptcy Procedure 9015-1 ("Rule 9015-1") provides:

> C. Within thirty (30) days of filing [a jury trial] demand the party making the demand shall file with the Clerk and serve on all parties in interest:
>
>   1. the consent of all parties to trial by jury in the Bankruptcy Court; or
>
>   2. a motion to withdraw the reference to the District Court. All proceedings shall continue in the Bankruptcy Court unless and until an order is issued by the District Court withdrawing the reference.
>
> D. The failure to comply with this Local Bankruptcy Rule shall be deemed to be a waiver of trial by jury in the Bankruptcy Court.

LRBP 9015-1 (2007).

Here, Dawn Prosser requested a jury trial on March 17, 2008. Thereafter, Dawn Prosser did not move to withdraw the reference until May 2, 2008, after the expiration of the thirty-day deadline imposed by Rule 9015-1(C). Nor has Dawn Prosser filed

---

[4] Section 157(d) provides that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d) (2005).

[5] Rule 5011(a) provides that "[a] motion for withdrawal of a case or proceeding shall be heard by a district judge." F.R.B.P. 5011(a) (1991).

*Springel v. Prosser, et al.*
Civil No. 2008-76
Order
Page 7

any notice that all parties consent to a jury trial in the Bankruptcy Division. Thus, Dawn Prosser's motion to withdraw the reference is untimely.

    Accordingly, it is hereby

    **ORDERED** that the motion to withdraw the reference is **DENIED;** it is further

    **ORDERED** that all pending motions are **DENIED** without prejudice; and it is further

    **ORDERED** that the Clerk of the Court shall close this matter.

                                   S\_____
                                          **Curtis V. Gómez**
                                            **Chief Judge**